13-3955, 13-4266
*Saleh v. United States, Saleh v. USCIS, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY
FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST
CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 8th day of October, two thousand fourteen.

PRESENT:   PIERRE N. LEVAL,
           DENNY CHIN,
           SUSAN L. CARNEY,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TAREK YOUSSEF HASSAN SALEH,
                   *Plaintiff-Appellant*,

                   v.                                        13-3955

UNITED STATES OF AMERICA, c/o Attorney
General, ERIC H. HOLDER, JR., Attorney General
of the United States, JANET NAPOLITANO,
Secretary of the Department of Homeland Security,
ROBERT MUELLER, Director of Federal Bureau of
Investigation, ANDREA QUARANTILLO, District
Director of New York District of the United States
Citizenship and Immigration Services, PHILIP A.

SWABSIN, Agent of FBI, JOSEPH M. DEMAREST, Assistant Director in Charge (ADIC) of the FBI's New York Division, MAHMOUD ELRAMMAL, Informant of FBI, Federal Bureau of Investigation's New York Division, FEDERAL BUREAU OF INVESTIGATION, NEW YORK DISTRICT OF THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, UNITED STATES DEPARTMENT OF JUSTICE, CAROL KALINOWSKI, District Adjudication Officer, MARSHA TERRY, District Adjudication Officer, JOHN DOES 1 through 3,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


TAREK YOUSSEF HASSAN SALEH,

*Plaintiff-Appellant,*

v.                                                                13-4266

UNITED STATES CITIZENSHIP & IMMIGRATION SERVICES, DEPARTMENT OF HOMELAND SECURITY, HON. ERIC H. HOLDER, JR., United States Attorney General,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFF-APPELLANT:       Tarek Youssef Hassan Saleh, *pro se*, Brooklyn, New York.

FOR DEFENDANTS-APPELLEES:       BRANDON H. COWART (Emily E. Daughtry, *on the brief*), Assistant United States Attorney, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeals from the United States District Court for the Southern District of New York (Forrest, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Appellant Tarek Youssef Hassan Saleh, proceeding *pro se*, appeals from a final judgment or order in each of these cases. In the first case, docket no. 12 Civ. 4598 in the district court and docket no. 13-3955 in this Court ("*Saleh II*"), the district court dismissed plaintiff's claims by judgment filed September 30, 2013. In a memorandum decision and order dated September 27, 2013, the district court reasoned that the plaintiff's action failed to state a claim and was barred by res judicata. In the second case, docket no. 13 Civ. 7234 in the district court and docket no. 13-4266 in this Court ("*Saleh III*"), the district court *sua sponte* dismissed plaintiff's request for a writ of mandamus by memorandum decision and order filed October 25, 2013. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

1. *Saleh II*

We review dismissals pursuant to Rules 12(b)(6) *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We review *de novo* the

application of the doctrine of res judicata. *Joseph v. Athanasopoulos*, 648 F.3d 58, 61 (2d Cir. 2011).

An independent review of the record and relevant case law reveals no error by the district court in its grant of defendants' motion to dismiss. The district court determined that Saleh's allegations of constitutional violations were barred by res judicata because the same claims, against the same parties, were dismissed on the merits pursuant to an order issued in an earlier case, which was affirmed by this Court in *Saleh v. Holder*, 470 F. App'x 43 (2d Cir. May 22, 2012). The district court also dismissed Saleh's tort claims under the Federal Tort Claims Act for failure to state a claim upon which relief may be granted. We affirm substantially for the reasons set forth by the district court in its thorough and well-reasoned order.

**2.** *Saleh III*

A district court has the inherent authority to dismiss an action as frivolous, regardless of whether the plaintiff has been granted leave to proceed *in forma pauperis*. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Twombly*, 550 U.S. 544. While we have not decided whether to apply a *de novo* review or an abuse of discretion standard to a district court's *sua sponte* dismissal of a complaint pursuant to

its inherent authority, we conclude that the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald*, 221 F.3d at 364 n.2.

The district court dismissed Saleh's request for a writ of mandamus because the claim lacked any basis in law or fact and was duplicative of a previous action filed by Saleh. We affirm substantially for the reasons set forth by the district court in its order.

We have considered Saleh's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment and order of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk